IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| KENDRA LEE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 24-cv-2143-MSN-tmp |
| | ) |
| BLUES CITY BREWERY, LLC, | ) |
| | ) |
|     Defendant. | ) |

---

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ALTERNATE SERVICE
ON HEALTHCARE PROVIDER TYWANDA WILLIAMS**

---

Before the court by order of reference is defendant Blues City Brewery, LLC's ("Blues City") Motion for Alternate Service on Healthcare Provider Tywanda Williams, filed on March 27, 2025. (ECF Nos. 61, 62.) Blues City asserts that, on January 30, 2025, plaintiff Kendra Lee served her expert disclosures identifying Williams, Lee's healthcare provider, as an expert witness. (ECF No. 61 at PageID 423.) On February 5, 2025, Blues City issued a subpoena to Williams for Lee's medical records. (Id.) Blues City then attempted to personally serve Williams via a process server on February 6, February 7, and February 14, 2025. (Id.) Each time, Blues City contends that Williams's office address at 269 Germantown Bend, Suite 202, Cordova, Tennessee 38018, was locked and appeared to be empty. (Id.; ECF No. 61-2 at PageID 436-37.) Blues City also alleges that the process server's card, which was

left during the first service attempt, remained in the business's door on February 14. (ECF Nos. 61 at PageID 423; 61-2 at PageID 437.) Defense counsel then attempted to reach Williams via telephone on February 17 and 20, 2025, leaving voicemails both times after Williams did not answer. (ECF No. 61 at PageID 423-24.)

Defense counsel's legal assistant eventually spoke with Williams over the phone on February 21, 2025. (Id. at PageID 424.) Blues City writes that Williams "seemed to be on-board with accepting service of the subpoena[,] indicated she only had a few records[,] and said she would reach out to [the process server] directly to arrange a convenient date/time to be served." (Id.) On March 4, 2025, presumably after Williams failed to reach out, Blues City's process server attempted to contact Williams by phone. (Id.) Williams again did not answer, nor did she answer the server's two successive calls made on March 5 and March 11, 2025. (Id.)

Blues City now seeks leave to serve the subpoena on Williams "via first-class mail and post it upon the door of Ms. Williams['s] current business address." (Id. at PageID 426.) In support, Blues City maintains that it "has made diligent efforts to personally serve Tywanda Williams," citing the aforementioned attempts to serve the subpoena at Williams's business and to contact her by phone. (Id.) Because these efforts have been unsuccessful, Blues City submits that its proposed alternate method "is the only viable

- 2 -

option" to obtain the records it seeks. (Id.) Blues City further argues that, "[u]pon certification that the [proposed] methods were completed, service should be found sufficient such that Ms. Williams can be held in contempt should she fail to provide the medical records identified in the subpoena." (Id.) As of the date of this order, Lee has not responded to Blues City's motion.

Under Federal Rule of Civil Procedure 45, "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P 45(b)(1). Service may be made by "[a]ny person who is at least 18 years old and not a party" to the litigation. Id. "Courts are divided on whether Rule 45 requires personal service upon the named individual," and the Sixth Circuit "has not conclusively addressed the issue." Sharpe v. City of Southfield, No. 20-CV-13172, 2023 WL 1453129, at *2 (E.D. Mich. Feb. 1, 2023) (citing Monson v. Ghougoian, No. 18-cv-10638, 2019 WL 2464499, at *1 (E.D. Mich. June 13, 2019) and OceanFirst Bank v. Hartford Fire Ins. Co., 794 F. Supp. 2d 752, 753-54 (E.D. Mich 2011) (collecting cases)); see also Hale v. Bunce, No. 1:16-CV-02967, 2017 WL 10978845, at *1 (N.D. Ohio Oct. 3, 2017) ("It does not appear that the Sixth Circuit Court of Appeals has addressed the issue of whether the language of Rule 45(b)(1) requires personal service."). While some courts in this circuit have found that

- 3 -

personal service is required, see Hale, 2017 WL 10978854, at *1 (collecting cases), others have found that service by mail may be appropriate, especially if the party requesting alternate means has demonstrated an inability to effect personal service despite diligent effort, see, e.g., Sharpe, 2023 WL 1453129, at *2 (citing Asian Food Serv., Inc. v. Travelers Cas. Ins. Co. of Am., No. 18-13454, 2020 WL 230134, at *1 (E.D. Mich. Jan. 15, 2020)); In re Subpoena Duces Tecum in a Civ. Action Issued by Inteplast Grp., Ltd., No. 2:12-2107, 2012 WL 5463904, at *1 (M.D. Tenn. Nov. 8, 2012).

In the absence of contrary authority from the Sixth Circuit, the undersigned agrees with the courts that have found that service by mail may be sufficient under Rule 45. The undersigned also finds that Blues City has demonstrated both "an inability to effectuate personal service after diligent effort" and that its proposed alternate means is "reasonably calculated to achieve actual delivery." Sharpe, 2023 WL 1453129, at *3 (quoting Asian Food Serv., 2020 WL 230134, at *1) (alterations omitted). Accordingly, Blues City's Motion for Alternate Service is GRANTED IN PART. Blues City may serve its medical records subpoena on Williams by sending the subpoena through first-class mail. However, given patient confidentiality concerns, Blues City shall not post the subpoena at Williams's business address.

IT IS SO ORDERED.

- 4 -

s/Tu M. Pham
_____
TU M. PHAM
Chief United States Magistrate Judge

April 30, 2025
_____
Date